UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIM. NO. 3:09-CR-272 |
| | : | |
| v. | : | (JUDGE CONNER) |
| | : | |
| MARK CIAVARELLA, | : | |
| Defendant | : | FILED VIA ECF |

**GOVERNMENT RESPONSE TO MARK A. CIAVARELLA'S EMERGENCY MOTION FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. §3582(c)(1)(A)**

The Defendant's health conditions and his risk of contracting the novel coronavirus (COVID-19) do not amount to a "extraordinary and compelling" reason to immediately release him from incarceration. While he does face an increased risk of adverse consequences if he were to contract the virus, the Defendant has been fully vaccinated and as a result the likelihood of him suffering substantial injury has been greatly reduced. Finally, despite the Defendant's minimization of the seriousness of his criminal conduct and his criticism of the appropriateness of his sentence, the 28-year prison term was and still is sufficient but not more than necessary to serve the interests of justice. Only a fraction of that sentence has been served. Immediate release

would do violence to the careful balancing of criminal justice interests that went into fashioning the sentence. The risk of dire consequences associated with COVID-19 infection for this vaccinated inmate is speculative and do not justify the remedy sought.

## I. PROCEDURAL BACKGROUND

### A. Offense and Sentence

The offense is well known to the Court. In previous memoranda and orders, this Court summarized the Defendant's abuse of office as President Judge of Luzerne County Court of Common Pleas. *See Memorandum Denying Resentencing De Novo*, Dkt. 403. As a judge presiding over cases in which he was adjudicating juveniles to be detained at a privately run juvenile detention facility and while he sat on cases where owner of the facility was a party, he accepted millions of dollars in bribes and kickbacks from the owner. *Id.*

On August 11, 2011, the Honorable Edwin M. Kosik sentenced the Defendant to 336 months in prison. *Judgment*, Dkt. 269. After his direct appeal left his sentence intact, *United States v. Ciavarella*, 716 F.3d 705 (3d Cir. 2012), the Defendant challenged the effectiveness of

his trial counsel for failing to pursue a statute of limitations defense. *Motion to Vacate Pursuant to 28 U.S.C. §2255,* Dkt. 322. The Court granted the motion in part vacating his conviction at Counts 1 (RICO), 2 (RICO Conspiracy), and 21 (Money Laundering Conspiracy) of the Superseding Indictment. *Order*, Dkt. 363. The remainder of the convictions were undisturbed. *Id.* After full briefing by the parties and consideration of the original sentencing, this Court found that a resentencing *de novo* was not allowed and if it were allowed the Court would decline to do so because the sentence imposed "still fits both crime and criminal." *Memorandum Denying Resentencing*, Dkt. 403 at 23 (quoting *United States v. Miller*, 594 F.3d 172, 180 (3d Cir. 2010)).

The Defendant is currently housed at Ashland Federal Correctional Institution (Ashland FCI). His release date is June 2035.

B. Requests for Compassionate Release

On November 23, 2020, the Defendant filed his first emergency motion for compassionate release citing COVID-19 and his health conditions – including hypertension and stage III kidney disease -- as justification for his immediate release. Dkt. 408. At the time, vaccines

had not been administered to inmates. This Court assumed for argument's sake that his medical conditions qualified for compassionate release. *Order Denying Compassionate Release*, Dkt. 419 at 4. After balancing the §3553(a) factors, the Court found his release was not appropriate. *Id.*

On March 7, 2022, the Defendant made a request for compassionate release to the warden at FCI-Ashland. Dkt. 434 at 6. The warden denied his request. *Id.* at 7.

On May 19, 2022, the Defendant filed another emergency motion for compassionate release with this Court. Dkt. 434. He alleged he suffers from hypertension, A-fib, a past history of bronchitis and pneumonia, hyperlipidemia, stage III kidney disease, and hypothyroidism. *Id.* at 3. These conditions are essentially the same medical concerns he raised in his first motion. Dkt. 411 at 2-3. The government herein responds.

## III. DISCUSSION

After a federal criminal sentence has been imposed, a district court has only limited authority to modify that sentence. *Dillon v. United States*, 560 U.S. 817, 825 (2010) ("'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances."). The First Step Act, 18 U.S.C. § 3582(c)(1)(A), provides one avenue for release.

The statute provides that a court "may reduce [a federal inmate's] term of imprisonment ... if it finds that ... extraordinary and compelling reasons warrant such a reduction." *Id.*; *United States v. Thomas*, 2022 WL 296594 at 1* (February 1, 2022, 3d Cir.) (not precedential). Even if extraordinary and compelling reasons exist, a court is still required to "consider[] the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A).

The first issue is whether the Defendant's health considerations, when balanced with the risks associated with COVID-19, present an extraordinary and compelling reason for his release. The government does not dispute that the Defendant faces certain health conditions,

including hypertension and stage III kidney disease.[1] However, the Defendant has been vaccinated with two doses of the Pfizer BioNTech vaccine. See Attachment A at p. 52, *BOP Medical Records May 2021-May 2022*. It is clear at this point that vaccinations are effective at protecting people from the most serious consequences of the virus.[2]

The BOP reports that there is currently one positive staff member infected with COVID-19 at FCI Ashland.[3] The defendant argues that his prison is not testing inmates, and as a result, there are no positive cases. His claim is belied by the BOP medical records which indicate that Ciavarella was given a routine COVID-19 test for an inmate on quarantine on February 10, 2022. Attachment A at p. 9.

---

[1] The Centers for Disease Control have identified medical conditions that place a person at higher risk, and those conditions include chronic kidney disease and heart disease (including hypertension). If a person has one or more of these conditions who gets very sick from COVID-19, they will more likely suffer more serious consequences of the disease. https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. (Updated May 2, 2022).

[2] https://www.cdc.gov/coronavirus/2019-ncov/vaccines/stay-up-to-date.html (Updated May 24, 2022).

[3] COVID-19 Cases, Federal Bureau of Prisons https://www.bop.gov/coronavirus/ (Updated June 1, 2022).

Even with his medical conditions, since the Defendant is vaccinated he does not meet the threshold of establishing a compelling and extraordinary reason for compassionate release. See, *United States v. Battle*, 2021 WL 4550925, *2 (3d Cir. Oct. 5, 2021) (not precedential) (the district court did not abuse its discretion when the court found that the defendant failed to make the threshold of compelling and extraordinary reason because the inmate "was completely vaccinated, giving him significant protection against reinfection" and infection rates were low at the institution).

Even assuming the Defendant is at increased risk because of his health conditions, there is no indication that he will be safer if released to the community. Luzerne County, where he is from, has suffered from a recent increase of COVID-19 cases.[4] Whether he will be safer at home or at his federal institution cannot be established.

In any event, even if the Defendant's circumstance reached the compelling and extraordinary threshold, Section 3553(a) factors do not support his release. In numerous previous filings, the government

[4]https://www.health.pa.gov/topics/disease/coronavirus/Pages/Cases.aspx

described the seriousness of the offense. The government's position remains the same. The 28-year sentence is still just, and the spread of the COVID-19 virus in the prison setting does not diminish the appropriateness of his continued incarceration at all. And, as it stands today, he has only served a fraction of that sentence. *See United States v. Pawlowski*, 967 F.3d 327 (3d Cir. 2020) (although inmate's health conditions rendered him eligible for consideration, court did not abuse its discretion when concluding that release, after only 19 months of a 180-month term for public corruption, was not warranted under the 3553(a) factors).

It is worth noting that even after ten years of incarceration, the Defendant still minimizes his criminal conduct. Dkt. 435 p. 14-17. In his brief in support of his motion for compassionate release, he describes his crimes essentially as something he stumbled upon, not realizing at he had committed any crime until years after he engaged in the conduct. *Id.* at 14. He belatedly learned he "had an honest services fraud problem" only after he was made aware federal authorities were investigating him and after he was told by his attorney that he done

something wrong. *Id.* In his portrayal of the events, he is a victim of the federal government's prosecution of him, a victim of the public who got caught up in the "Kids for Cash" moniker, and a victim of a federal sentencing judge who was similarly beguiled by the moniker and improperly sentenced him as a corrupt public official who sold his office. *Id.* at 14-17.

The record of this case -- as well as the records in related criminal and civil cases -- clearly demonstrate otherwise. He violated his oath of office by accepting bribes and kickbacks. He laundered millions of dollars in criminal proceeds to hide the illicit funds from the law and the public. He compounded his crimes by scheming to avoid paying taxes on his bribes/ kickbacks. And, he imposed his version of justice on thousands of juveniles which -- by so many accounts -- was simply cruel and arbitrary. All the while he concealed from the juveniles and their families his corrupt relationship with the juvenile prison owner. The harm of his crimes continues to affect the victims, as evidenced by this court's proceedings in the fall of 2021 where scores of *his* victims offered

evidence of the lasting effect his conduct had on their lives. *See Wallace v. Powell et al.*, 3:09-CV-286.

The 3553(a) factors do not support his immediate release. The present danger of COVID-19 and the interests of justice do not warrant such a remedy. The request should be denied.

## IV. CONCLUSION

For all of the foregoing reasons, it is respectfully submitted that the defendant's motion for compassionate release be denied.

Respectfully submitted,

JOHN C. GURGANUS
United States Attorney

/s/ Michael A. Consiglio
Michael A. Consiglio
Assistant U.S. Attorney

Date: June 2, 2022

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIM. NO. 3:09-CR-272** |
| | : | |
| **v.** | : | **(JUDGE CONNER)** |
| | : | |
| **MARK CIAVARELLA,** | : | |
| **Defendant** | : | **FILED VIA ECF** |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this Thursday, June 2, 2022, he served a true and correct copy of the foregoing

**GOVERNMENT RESPONSE TO MARK A. CIAVARELLA'S EMERGENCY MOTION FOR COMPASSIONATE RELEASE UNDER 18 U.S.C. §3582(c)(1)(A)**

by electronic mail to:

Addressee: Mark A. Ciavarella
Inmate No.

/s/ Michael A. Consiglio
Michael A. Consiglio
Assistant U.S. Attorney