**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 3:09-CR-272** |
| | : | |
| **v.** | : | **(Judge Conner)** |
| | : | |
| **MARK A. CIAVARELLA, JR.,** | : | |
| | : | |
| **Defendant** | : | |

**ORDER**

AND NOW, this 22nd day of June, 2022, upon consideration of the court's order (Doc. 419) dated January 14, 2021, denying the motion for compassionate release filed by defendant Mark A. Ciavarella, Jr., wherein the court concluded Ciavarella arguably had established extraordinary and compelling reasons for compassionate releasee as contemplated by 18 U.S.C. § 3582(c)(1)(A), in that he has several serious medical conditions, some of which might and some of which do increase his risk of severe illness from COVID-19, (see id. at 4), but wherein we further concluded that the Section 3553(a) factors do not support a reduction of sentence for myriad reasons—*viz.*, that Ciavarella continued to misunderstand that both acquitted conduct and conduct underlying vacated counts may factor into the Section 3553(a) calculus if proved by a preponderance of the evidence; that he persisted in downplaying the overall criminal scheme and his role within it; that at least two mitigating factors raised in his motion (his age and status as a first-time, nonviolent offender) were already considered by the court in varying downward at sentencing; and that, notwithstanding Ciavarella's good conduct while in prison, the primary need for the sentence in this case was to reflect the seriousness of the

offense conduct, promote respect for the law, and afford adequate deterrence, (see id.)—and wherein we reiterated that Ciavarella committed a massive breach of the public trust, and knew or should have known better, (see id.), and thus concluded that the Section 3553(a) factors did not, at that time, support Ciavarella's request that we reduce his 28-year sentence by more than half, (see id.), and further upon consideration of Ciavarella's renewed motion (Doc. 434) for compassionate release and brief (Doc. 435) in support thereof, wherein Ciavarella merely reiterates the same Section 3553(a) arguments previously put forth by his appointed counsel in support of his initial compassionate release motion, (see, e.g., Doc. 435 at 12-13, 19 (noting he stands convicted now of fewer counts than at original sentencing); id. at 13-14, 17-18 (same as to age and nonviolent status); id. at 14-17 (same as to narrow view of culpability); id. at 17-18 (same as to rehabilitation and good conduct), all of which have already been considered by this court,[1] (see Doc. 419 at 4), and the court concluding, for the reasons previously stated, which we incorporate herein, that

---

[1] Ciavarella also emphasizes his physical health and the implications therefor of remaining incarcerated during the COVID-19 pandemic. We are not unsympathetic to Ciavarella's concerns. We note for Ciavarella's benefit that the current risk of exposure at FCI Ashland is minimal. According to the Federal Bureau of Prisons, just one prisoner out of more than 1300 is currently positive for COVID-19 at that facility. See *COVID-19: Coronavirus*, FED. BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (select "Full breakdown and additional details") (last visited June 22, 2022). Moreover, due to the Bureau of Prisons' robust efforts, nearly the entire prison population is vaccinated against COVID-19. See id. (select "Learn more about vaccinations and view individual facility stats").

the Section 3553(a) factors do not support a reduction of sentence at this time, (see id.); see also 18 U.S.C. § 3582(c)(1)(A), it is hereby ORDERED that Ciavarella's renewed motion (Doc. 434) for compassionate release is DENIED without prejudice.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania